# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND E. LARSON and<br>TERRIE C. COFFEE,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>AEGIS WHOLESALE CORPORATIONS, A Delaware corporation; TITLE SERVICES AND ESCROW COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; [MERS] a Delaware corporation; SIERRA COAST MORTGAGE COMPANY, INC.; GRAY MADSEN, individually; CITIMORTGAGE, INC.; CR TITLE SERVICES, INC.; FIRST AMERICAN TITLE INSURANCE CO.; FIRST AMERICAN NATIONAL DEFAULT,<br><br>　　　　　Defendants. | 3:10-CV-00399-PMP-VPC<br><br>**ORDER** |

Before the Court for consideration is Defendants Citimortgage, Inc., CR Title Services, Inc., and Mortgage Electronic Registration Systems, Inc., ("MERS") fully briefed Motion to Dismiss Plaintiffs' Complaint pursuant to FRCP 12(b)(6) (Doc. #12).

This action arises from foreclosure proceedings which were initiated after Plaintiffs defaulted on their mortgage loan secured with a Deed of Trust on the subject property. On May 20, 2010, Plaintiffs filed their Complaint in the Second Judicial District Court in and for the County of Washoe, State of Nevada. Defendants removed this action to this Court on July 1, 2010 (Doc. #1).

Plaintiffs' Complaint sets forth the following fifteen claims for relief: (1) Injunctive Relief; (2) Declaratory Relief; (3) Debt Collection Violations; (4) Unfair and Deceptive Trade Practices; (5) Violation of Unfair Lending Practices, NRS §598D. 100; (6) Violation of the Covenant of Good Faith and Fair Dealing; (7) Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing; (8) Wrongful Foreclosure; (9) Quiet Title; (10) Fraud through Omission; (11) Civil Conspiracy; (12) Racketeering-NRS 207.470; (13) Unjust Enrichment; (14) Fraud in the Inducement and (15) Conspiracy to Commit Fraud. On the same day Plaintiffs filed their Complaint, Plaintiffs recorded a lis pendens on the property. (Washoe County Recorder, Doc. No.3883245.)

The Court finds that for the reasons set forth in Defendants' Motion to Dismiss, Defendants are entitled to dismissal of Plaintiffs' Complaint pursuant to FRCP 12(b)(6) as to each of the claims set forth in Plaintiffs' Complaint. As illustrated by the exhibits attached to Defendants' Motion to Dismiss, each of the arguments advanced by Plaintiffs in response to Defendants' Motion to Dismiss have been rejected by this and other Court's. Indeed, Plaintiffs do not substantively respond to Defendants' Motion to Dismiss with regard to certain of Plaintiffs claims. To the extent Plaintiffs do, however, the Court finds the arguments advanced on behalf of Defendants to be compelling as to each of the remaining claims.

**IT IS THEREFORE ORDERED that** Defendants' Motion to Dismiss (Doc. #12) is **GRANTED**.

DATED: September 13, 2010.

PHILIP M. PRO  
United States District Judge